2010 BNH 028

_____

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

In re:  Bk. No. 10-10020-MWV
 Chapter 11
Jay C. Davey,
        Debtor


*Peter N. Tamposi, Esq.*
*THE TAMPOSI LAW GROUP*
*Attorney for Debtor*

*Ann Marie Dirsa, Esq.*
*OFFICE OF U.S. TRUSTEE*
*Attorney for U.S. Trustee*


## MEMORANDUM OPINION

This matter comes before the Court on confirmation of Jay C. Davey's (the "Debtor") Chapter 11 Plan (Ct. Doc. No. 115) and the United States Trustee's (the "UST") motion to dismiss the case (Ct. Doc. No. 71).  The Court held hearings on August 24, 2010, and August 26, 2010, and took the matters under advisement.  Shortly thereafter, the Debtor filed his Second Amended Chapter 11 Plan (the "Amended Plan") (Ct. Doc. No. 125) on August 30, 2010.  The Court held a hearing on the Amended Plan on September 2, 2010, and again took the matter under advisement.

### JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.).  This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### BACKGROUND

The Debtor has filed a Chapter 11 petition with this Court on three different occasions.  The Debtor commenced the above captioned case on January 6, 2010.  On June 18, 2010, the UST filed a

motion to dismiss this case alleging that the Debtor had failed to submit monthly operating reports, that he had submitted materially deficient reports, and that the Debtor's Chapter 11 Plan is not feasible. The Court scheduled a hearing on confirmation of the Debtor's Chapter 11 Plan on August 17, 2010. That hearing was continued to August 24 and August 26 so that the Debtor could file a modified plan. At the hearings, the Court heard testimony regarding the Debtor's proposed plan. The Debtor then filed an Amended Plan on August 30, 2010, and the Court held a hearing on September 2, 2010. For the foregoing reasons, the Court denies confirmation of the Debtor's Chapter 11 Plan and finds that the case should be dismissed.

## DISCUSSION

This is the Debtor's third Chapter 11 filing within the last two years. The Court scheduled a confirmation hearing on the Debtor's Chapter 11 Plan on August 17, 2010. At that time, no secured creditor had voted to accept the plan. The Debtor indicated that he intended to amend the plan. The Court continued the hearing on confirmation in order to allow the Debtor to file an amended plan. During the period of continuance, the Debtor's Chapter 11 Plan gained the acceptance of one secured creditor, the Bank of New England ("BNE"). After the Debtor filed his Amended Plan on August 30, 2010, the Amended Plan gained further acceptance by People's United Bank, d/b/a Ocean Bank ("Ocean Bank").

The Debtor testified that he intends to fund the plan through income from his rental properties. Additional funds for the plan are proposed to come from the properties located at 69-71 Plaistow Road, Plaistow, New Hampshire. This includes approximately $85,000 in proceeds the Debtor intends to collect from the New Hampshire Department of Transportation ("DOT") for the taking by eminent domain of a portion of the properties located at 69-71 Plaistow Road. The Debtor's plan proposes to use the eminent domain proceeds to pay the claim of the Internal Revenue Service ("IRS") and provide proportionate amounts of payments to the mortgagees on the 69-71 Plaistow Road properties. Additionally, the Debtor testified that he will generate income of $2,000 per month from a lease on the 71 Plaistow Road property.

The plan also projects monthly income of $800 from a lease agreement with the Debtor's roommate on the property located at 108 Eagle Road, Hampstead, New Hampshire.

The Court finds that the Debtor's Chapter 11 Plan is not feasible. Currently, the property located at 71 Plaistow Road does not have a certificate of occupancy and cannot be occupied. The Debtor testified that the 71 Plaistow Road property still requires $25,000-$30,000 in improvements. The idea that a tenant would pay $2,000 per month for a property that is not habitable is very speculative. Furthermore, the lease contains a clause which allows the lessee, without penalty, to cancel the lease before receipt of any and all necessary licenses required by the City of Plaistow and the State of New Hampshire (Ex. 5). In the event of such cancellation, the lessee is entitled to have returned any prepaid rent. What is even more curious is that the lessee is both a friend and business acquaintance of the Debtor, and the first rent payment was tendered right before the hearing on confirmation.

While the Debtor testified that his roommate has agreed to guaranty $20,000 of the improvements, his roommate has not committed any collateral to support such a guarantee. The Debtor's Chapter 11 Plan contains an impermissible allocation of the eminent domain proceeds. The first and second mortgagees on the properties, Ocean Bank and Federal National Mortgage Association ("Fannie Mae") located at 69-71 Plaistow Road both have clauses in their mortgages which provide that the mortgagee is entitled to any proceeds resulting from an eminent domain taking. Both mortgagees have claims ahead of the IRS and originally opposed the Debtor's proposed allocation. After the Debtor modified the allocation in the Amended Plan, Ocean Bank accepted the Plan. However, Fannie Mae still objects to confirmation and to the modified proposed allocation.

Finally, the Debtor's Chapter 11 Plan is highly unsupported by his creditors. The plan provides de minimis payments to unsecured creditors including deficiency claims. In fact, originally, the only accepting class contained BNE, where the impairment was reinstating the loan which had matured and changing the interest rate. Although Ocean Bank now accepts the Amended Plan, it does so in return for

a larger payment from the DOT proceeds. Besides the modification in allocation of the DOT proceeds, the Amended Plan has no other changes and all other classes have rejected the plan.

The Court also believes that the Debtor's actions throughout his bankruptcy warrant granting the UST's motion to dismiss. Since the beginning of this current bankruptcy filing, the Debtor has made essentially no payments to his secured creditors. The Debtor has also failed to comply with the Bankruptcy Code. He has used cash collateral without authorization, failed to timely file his operating reports, and failed to timely pay quarterly fees.

## CONCLUSION

For the reasons mentioned herein, the Court denies confirmation of the Debtor's Amended Chapter 11 Plan, and grants the UST's motion to dismiss. This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.

DATED this 3rd day of September 2010, at Manchester, New Hampshire.

/s/ Mark W. Vaughn
Mark W. Vaughn
Chief Judge